The black boxes are redacted/image regions.

Mario Gonzalez MORENO;
et al., Petitioners,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 06–70967.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 4, 2006 *.

Filed Dec. 8, 2006.

Mario Gonzalez Moreno, Huntington Park, CA, pro se.

Mirna Gonzalez, Huntington Park, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, William C. Minick, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM **

Mario Gonzalez Moreno and Mirna Gonzalez, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's denial of their application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Lopez–Alvarado v. Ashcroft,* 381 F.3d 847, 850–51 (9th Cir.2004), and deny the petition for review.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Gonzalez Moreno and Gonzalez each contend the immigration judge erred in finding they lacked 10 years of continuous physical presence.

Gonzalez was served with her notice to appear on June 5, 2001; accordingly, Gonzalez was required to demonstrate her physical presence beginning from June 5, 1991. *See* 8 U.S.C. §§ 1229b(b)(1)(A), (d)(1). Gonzalez, Gonzalez's sister, and Gonzalez's mother each testified differently as to Gonzalez's arrival in the United States, with both Gonzalez and her sister specifying dates after June 5, 1991. Gonzalez's documentary evidence likewise failed to demonstrate her presence in the United States on or before June 5, 1991. Substantial evidence therefore supports the agency's conclusion that Gonzalez failed to maintain continuous physical presence for the requisite period. *See id.*

As to Gonzalez Moreno, he testified that he entered the United States in May 1996. Even assuming Gonzalez Moreno's 1998 administrative order of voluntary departure did not break his continuous physical presence, he has still failed to demonstrate the requisite 10 years of continuous physical presence. Substantial evidence therefore supports the agency's conclusion that Gonzalez Moreno also failed to maintain continuous physical presence for the requisite period. *See id.*

Finally, Gonzalez Moreno and Gonzalez's challenge to BIA's streamlined decision is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See*